**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sameh Basta,<br><br>          Plaintiff,<br><br>v.<br><br>Unknown Troman,<br><br>          Defendant. | No. CV-18-04363-PHX-SPL (ESW)<br><br>**ORDER** |

      Pending before the Court is Plaintiff's fourth "Motions to Request Attorney" (Doc. 95). Plaintiff requests an attorney to assist him with his settlement conference scheduled for April 8, 2021. As the Court has previously explained (Docs. 9, 36, 70), there is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the

complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court continues to find a lack of exceptional circumstances that would require the appointment of counsel in this case. Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion (Doc.95) requesting the appointment of counsel.

Dated this 26th day of March, 2021.

_____
Honorable Eileen S. Willett
United States Magistrate Judge